**TAI KIEN INDUSTRY CO., LTD., a corporation of the Republic of China, Plaintiff-Appellant,**

v.

**M/V HAMBURG, her engines, tackle, machinery, and equipment, etc., and Fairplay-Petersen & Alpers Seatowage, a West German corporation, Defendants-Appellees.**

No. 74–3340.

United States Court of Appeals, Ninth Circuit.

Jan. 21, 1976.

Walter S. Ferenz, Agana, Guam, for plaintiff-appellant.

John J. Reilly of Haight, Gardner, Poor & Havens, New York City, for defendants-appellees.

OPINION

Before MERRILL, CHOY and KENNEDY, Circuit Judges.

ANTHONY M. KENNEDY, Circuit Judge:

The SS Caribia broke loose from its tug, the M/V Hamburg, in a typhoon off the coast of Guam. The vessel stranded near the entrance of Apra Harbor in Guam then broke up and sank. The sole issue on this appeal concerns the effect of a forum selection clause in the towage contract between the owner of the Caribia, Tai Kien Industry, Co., a Taiwan corporation, and the owners and agents for the tug.

The towage contract was dated in Hamburg, Germany. It required the tug to tow the Caribia from New York to Taiwan (for scrapping) and provided that any dispute was to be "referred to the Supreme Court of Justice in London."

The government of the United States commenced an in rem action against the Hamburg in the District of Guam for damages caused by obstruction to navigation and from the resulting oil spill. Despite the forum selection clause in the contract, Tai Kien also filed suit in the District of Guam, naming the tug and its owners or their agents. Tai Kien sought damages for loss of the vessel and indemnity from the action filed by the government. The district court dismissed Tai Kien's suit on the basis of the forum selection clause. Tai Kien appeals and we affirm.

■ The Supreme Court has held that a forum selection clause will be enforced unless the resisting party can "clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15, 92 S.Ct. 1907, 1916, 32 L.Ed.2d 513 (1973); *cf. Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 518–20, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974).

■ No question of fraud or overreaching is raised by either party and none is discernible in the record. Further, enforcement of the clause is not unreasonable or unjust in the circumstances of this case. It was wholly fortuitous that the voyage from New York to Taiwan ended with litigation in Guam. The forum selection clause was designed to protect the parties from the risk of having to defend litigation in courts selected by chance.

Pendency of the contemporaneous action brought by the government arising from the same occurrence is not a reason for avoiding the clause. It is quite foreseeable that if a vessel sinks, third persons, who are not parties to a contract for the voyage, will be injured or bring suit. But the parties did not provide an exception to the forum selection clause for such a foreseeable event, and the appellant has shown no reason why we should imply such a term.

The trial court did not abuse its discretion in dismissing the action.

Affirmed.